IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BAC HOMES LOANS SERVICING,                    Case No. 6:12-cv-00327-AA
LP; RECONTRUST COMPANY, N.A.;                      OPINION AND ORDER
and THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW
YORK, as trustee for the
certificateholders CWALT, INC.,
alternative loan trust 2006-
OC11, mortgage pass-through
certificates, series 2006-OC11;        .

          Plaintiffs,

     v.

SCOTT and LEAH MCDANIEL;
CITIBANK (SOUTH DAKOTA), N.A.;
RAY KLEIN, INC.; CAPITAL ONE
BANK (USA); UNITED STATES OF
AMERICA, Department of
Treasury - Internal Revenue
Service; and PORTFOLIO RECOVERY
ASSOCIATES, LLC;

          Defendants.

Page 1 - OPINION AND ORDER

Tanya D. Urbach
Julie M. Engbloom
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204
    Attorneys for plaintiffs

Leah and Scott McDaniel
25225 Cultus Lane
Bend, Oregon 97701
    Pro se defendants

AIKEN, Chief Judge:

Plaintiffs BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company, N.A. ("ReconTrust"), and the Bank of New York Mellon ("BNYM") move to remand this case back to the Deschutes County Circuit Court pursuant to 28 U.S.C. § 1447(c).  In addition, defendants Scott and Leah McDaniel[1] ("the McDaniels") filed a request for judicial notice.[2]  For the reasons set forth below, the McDaniels' request is denied and plaintiffs' motion to remand is granted.

## BACKGROUND

On October 17, 2006, the McDaniels took out a loan from Decision One Mortgage Company ("Decision One"), in the amount of $255,000, to purchase a residential property.  Pursuant to this transaction, the McDaniels executed a promissory note (the "Note")

---

[1] All other defendants, except for the Internal Revenue Service ("IRS"), have had default orders entered against them. Further, the McDaniels did not obtain consent for removal from the IRS.  Accordingly, the McDaniels are the only defendants who are a party to plaintiffs' motion for remand.

[2] Leah and Scott McDaniel each filed separate requests for judicial notice; however, their motions are identical.  As such, this Court will address the McDaniels' requests together as a single motion.

Page 2 - OPINION AND ORDER

in favor of Decision One. The Note was secured by a trust deed (the "Deed of Trust"), which lists Decision One as the lender and MERS as the beneficiary. BAC was the loan servicer. Subsequently, MERS assigned the Deed of Trust to BNYM, as trustee for certificate holder CWALT, Inc., and appointed ReconTrust to serve as successor trustee. The Deed of Trust and subsequent transfers were duly recorded in the official records of Deschutes County, Oregon.

In April 2009, the McDaniels stopped making the requisite loan repayments, thereby materially defaulting. In December 2009, ReconTrust issued a Notice of Default and Election to Sell the disputed property. A foreclosure sale has not yet occurred.

In June 2010, the McDaniels filed a complaint in Deschutes County Circuit Court, in which they asserted seventeen claims arising out of plaintiffs' allegedly wrongful non-judicial foreclosure proceedings. Plaintiffs thereafter removed the McDaniels' claims to federal court on the basis of diversity jurisdiction. In June 2011, plaintiffs rescinded their non-judicial foreclosure, electing instead to pursue judicial foreclosure. As such, the Honorable Michael Hogan dismissed all of the McDaniels' claims as moot.

On June 7, 2011, plaintiffs filed a complaint for judicial foreclosure against defendants in Deschutes County Circuit Court. On February 6, 2012, plaintiffs filed an amended complaint, which alleged the same causes of action but changed the listed name of BNYM from "Bank of New York Mellon Corporation" to "The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

Page 3 - OPINION AND ORDER

Certificateholders CWALT, Inc., Alternative Loan Trust 20006-OC11, Mortgage Pass-Through Certificates, Series 2006-OC11." On February 23, 2012, the McDaniels filed a notice of removal (the "Notice"). Subsequently, plaintiffs filed a motion for remand.

## STANDARD OF REVIEW

Federal courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). As such, cases removed to federal court must be remanded where a defect exists in the removal procedure or where subject-matter jurisdiction is lacking. See 28 U.S.C. § 1447(c); see also Aguon-Shulte v. Guam Election Comm'n, 469 F.3d 1236, 1240 (9th Cir. 2006). Further, the "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citations and internal quotations omitted).

## DISCUSSION

### I. Motion for Judicial Notice

To support their opposition to plaintiffs' motion to remand, the McDaniels request that this Court take judicial notice of: In re MERSCORP, Inc., OCC No. AA-EC-11-20, Consent Order (April 13, 2011); Memorandum of Review, No. 2012-FW-1802, by the Office of Inspector General, U.S. Department of Housing and Urban Development (March 12, 2012); and an Oregon Department of Justice Press Release (February 14, 2012).

Under the Federal Rules of Evidence, the "court may judicially notice a fact that is not subject to reasonable dispute because it:

Page 4 - OPINION AND ORDER

(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

As such, facts contained in public records are generally considered appropriate subjects for judicial notice. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006). The court, however, may not take judicial notice of documents, regardless of whether they meet the requirements of Fed. R. Civ. P. 201(b), that are unrelated to the matter at issue. Hart v. Parks, 450 F.3d 1059, 1063 n. 2 (9th Cir. 2006).

Here, the McDaniels attached eighty-six pages of materials to their request for judicial notice; however, they fail to address how these documents relate to the present dispute. Thus, the McDaniels have not provided any basis for this Court to judicially notice the identified documents. See McDaniels v. BAC Home Loans Servicing, 2011 WL 3841588, *2 (D.Or. Aug. 29, 2011); see also Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 650 (7th Cir. 2011) (court cannot "take judicial notice of a universe of litigation actions and articles when a party offers that universe without careful delineation of the facts to be noticed").

The McDaniels' request fails for an additional reason. In re MERSCORP, Inc. and the Memorandum of Review involve investigations into MERS' and Bank of America's administration of their services as they relate to foreclosures. The Oregon Department of Justice's Press Release relates to the Attorney General's lawsuit arising out

of BNYM's foreign currency exchange manipulation scheme. The Court presumes that the McDaniels requested notice of these materials in order to demonstrate plaintiffs' allegedly predatory lending and non-judicial foreclosure practices.

Plaintiffs' claims, however, emanate from the McDaniels' failure to make the requisite loan repayments under the Note; as such, the present action has nothing to with plaintiffs' lending or non-judicial foreclosure methods. Moreover, the Oregon Attorney General's suit against BNYM is related to securities fraud and, as such, is especially not germane. Thus, these materials are completely unrelated to the present dispute. Therefore, the McDaniels' request for judicial notice is denied.

II. Motion to Remand

Plaintiffs assert that this case must be remanded because: 1) this Court lacks subject-matter jurisdiction; and 2) "the McDaniels failed to comply with the procedural requirements imposed by 28 U.S.C. § 1446." Pls.' Mem. in Supp. of Mot. Remand 4, 9.

A. Subject-Matter Jurisdiction

The existence of subject matter-jurisdiction is a threshold issue; thus, absent a proper basis for subject-matter jurisdiction, a removed case must be remanded to state court. 28 U.S.C. § 1447(c); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96-98 (1998). "In civil cases, subject-matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic

Page 6 - OPINION AND ORDER

Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).   The defendant
bears the burden of establishing that diversity jurisdiction is
proper pursuant to a motion for remand.   See, e.g., Kanter v.
Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Here, plaintiffs' amended complaint does not raise any federal
questions.   See generally Am. Compl.   Thus, the issue is whether
this Court has diversity jurisdiction, which exists where "the
matter in controversy exceeds the sum or value of $75,000 [and is
between] citizens of different States."   28 U.S.C. § 1332(a)(1).

It is undisputed that the amount in controversy requirement is
met in this case.   See Am. Compl. at pg. 1 ("Prayer Amount:
$255,000"); see also Pls.' Mem. in Supp. of Mot. Remand 10.
Rather, plaintiffs argue that the Notice "fails to establish all
the parties' citizenships or in any manner establish diversity
jurisdiction provided the basis for the filing."   Pls.' Mem. in
Supp. of Mot. Remand 10.

Plaintiffs, however, misrepresent the content of the Notice.
While the McDaniels do not identify the statutory basis for
removal, the Notice contains information sufficient to determine
that jurisdiction is appropriately premised on complete diversity.
Specifically, in the section entitled "Basis for Removal," the
McDaniels state

> [p]laintiffs are all foreign entities. [BAC] is a Texas
> Limited Partnership . . . [ReconTrust] has a principal
> office address in Simi Valley California. [BNYM] is a
> Delaware corporation with its principal executive offices
> located at One Wall Street, New York.   CWALT, Inc. is a
> Delaware corporation.

Notice ¶ 4.   In addition, the McDaniels are "domiciled in Oregon

Page 7 - OPINION AND ORDER

[and the] subject property is in Oregon." Id. at ¶ 24.

Thus, the Notice reveals that plaintiffs are diverse from the McDaniels. Since the McDaniels are proceeding pro se, their briefs are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Further, at this stage in the proceedings, "defendants [are] merely required to allege (not to prove) diversity." Kanter, 265 F.3d at 857. Accordingly, that the Notice does not contain a formal statement of subject-matter jurisdiction is immaterial because the McDaniels have adequately demonstrated complete diversity between the parties and, additionally, the amount in controversy requirement is satisfied.

Moreover, the Court notes that, with nearly identical parties involved, plaintiffs removed the McDaniels' claims to federal court on the basis of diversity jurisdiction less than two years ago. As such, plaintiffs' assertions that diversity is lacking in this case are somewhat disingenuous. Therefore, I find that this Court has subject-matter jurisdiction.

B.  Compliance with 28 U.S.C. § 1446

Plaintiffs next assert that the McDaniels neglected to follow the procedural requirements of the removal statute. Specifically, plaintiffs argue that this case must be remanded because the McDaniels failed to: 1) file their Notice within thirty days following receipt of the initial complaint; 2) include "all 'process' and 'pleadings'"; and 3) seek and obtain consent to removal from all defendants. Pls.' Mem. in Supp. of Mot. Remand 2.

The defendant must file a notice of removal "within thirty days after the receipt [of the complaint]." 28 U.S.C. § 1446(b). Because the removal statute must be strictly construed against removal jurisdiction, the court must grant a motion for remand where the defendant's petition for removal was untimely. See Kamm v. ITEX Corp., 568 F.3d 752, 755-56 (9th Cir. 2009) (citations omitted).

Plaintiffs assert that the Notice was over two-hundred days late. Specifically, plaintiffs acknowledge that the McDaniels filed their Notice seventeen days after the amended complaint but argue that "the [a]mended [c]omplaint did nothing to give rise to a new 30-day removal window." Pls.' Mem. in Supp. of Mot. Remand 9. Conversely, the McDaniels argue that the "filing of an amended complaint of necessity must trigger a new 30 day provision or different time frame in part because a defendant is required to file an answer anew as if the amended complaint were a new or different complaint." McDaniels' Resp. to Mot. Remand 2.

Generally, the filing of an amended complaint does not restart the thirty day time frame in which a petition for removal must be filed. See 28 U.S.C. § 1446(b)(3). An exception exists, however, where the case was not previously removable and the amended complaint sets forth a basis for federal subject-matter jurisdiction. Id.

Here, plaintiffs' initial complaint was virtually identical to the amended complaint; as such, this case became removable as of August 4, 2011, the date on which the McDaniels accepted service of

Page 9 - OPINION AND ORDER

the original complaint. Accordingly, these circumstances do not fall within the exception. The McDaniels, however, filed a motion to dismiss on September 19, 2011. See Englebloom Decl. Ex. 11. While difficult to decipher, it appears as though the McDaniels construed their motion to dismiss as procedurally equivalent to a petition for removal. See McDaniels' Resp. to Mot. Remand 2.

Regardless, the McDaniels' actions are insufficient to satisfy the requirements of the removal statute for two reasons. First, the McDaniels' motion to dismiss was filed over thirty days from the date of service. Thus, even if the Court were to construe their motion as commensurate to a notice of removal, it was nonetheless untimely.

Second, because of the strong presumption against removal jurisdiction, the fact that the McDaniels are proceeding pro se does not provide for any greater leniency in regard to the procedures outlined in 28 U.S.C. § 1446. While pro se litigants are held to a less stringent standard with regard to their pleadings, they still "must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

As such, courts within this District and the Ninth Circuit have routinely granted motions for remand where a pro se defendant's notice of removal was untimely. See Anderson v. Babb, 2009 WL 840191, *3 (D.Or. March 26, 2009); see also Fed. Nat'l Mortg. Ass'n v. Martinez, 2012 WL 1552761, *3 (E.D.Cal. May 1, 2012); Fed. Home Loan Mortg. Corp. v. Garcia, 2011 WL 4500921, *3

Page 10 - OPINION AND ORDER

(E.D.Cal. Sept. 27), adopted by 2011 WL 2680523 (E.D.Cal. Jul. 8, 2011); Rosenbledt v. Salgado, 2010 WL 1992542, *1-2 (N.D.Cal. May 18, 2010). Thus, the McDaniels' ignorance of the rules cannot account for the fact that the Notice was filed two hundred and three days after service of the initial complaint was effectuated. For this reason, alone, the McDaniels improvidently removed the case and, as a result, it must be remanded back to Deschutes County Circuit Court.

Remand is also appropriate, however, because the IRS has not joined in or consented to the McDaniels' Notice. Where, as here, the case involves multiple defendants, the "rule of unanimity" requires that all defendants consent to the removal petition. Proctor v. Vishay Intertech. Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citing Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 393 (1998)). One defendant's timely removal notice containing an averment of the other defendants' consent is generally sufficient to satisfy section 1446(b)(2). Id.

The Notice, however, is silent regarding whether consent from the McDaniels' co-defendant was sought or obtained. See generally Notice. Further, this defect has not yet been cured. The McDaniels assert in their response that they are attempting to obtain the IRS' consent; yet a month has passed and there is still no evidence that consent has been procured. As such, it is unclear how genuine the McDaniels' efforts have been, especially since they also contend in their response that "procedural mistakes regarding the consent of the parties [is] immaterial to the questions before

Page 11 - OPINION AND ORDER

the court on the basis of removal and [plaintiffs' arguments regarding consent evidence their] apparent practice of fraud or making false claims." See McDaniels' Resp. to Mot. Remand 2.  As such, the Notice remains defective for this additional reason. Therefore, plaintiffs' motion is granted.

III.  Attorney Fees

Finally, in their motion to remand, plaintiffs move for an award of costs and attorney fees incurred as a result of the improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c).  Thus, the determination to award costs and fees under section 1447(c) is within the discretion of the court. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  Generally, such payment is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs cite to Houden v. Todd and Anderson v. Babb in support of their contention that "defects in the removal process . . . render a removal 'objectively unreasonable.'"  Pls.' Mem. in Supp. of Mot. Remand 12-13.[3]  Houden v. Todd, 2009 WL 2956924, *1 (9th Cir. Sept. 14, 2009); Anderson v. Babb, 2009 WL 840191, *3

---

[3] Plaintiffs cite to a number of additional cases that awarded attorney fees and costs pursuant to section 1447(c) where the court lacked subject-matter jurisdiction. See Pls.' Mem. in Supp. of Mot. Remand 13-14.  As discussed above, however, this Court has subject-matter jurisdiction over this dispute and, as such, these cases are not applicable.

(D.Or. March 26, 2009).

Houden, however, is distinguishable, as the defendant in that case was represented by counsel. Houden, 2009 WL 2956924 at *1. Further, this Court finds Anderson unpersuasive. Despite the fact that the defendant was proceeding pro se, the court held that "the language of 28 U.S.C. § 1446, requiring removal within 'thirty days,' is unambiguous"; accordingly, the defendant's failure to comply with this requirement was objectively unreasonable and fees and costs were awarded. Anderson, 2009 WL 840191 at *3.

This Court disagrees with Anderson and finds the language of section 1446 equivocal. Here, the McDaniels clearly tried to comply with the provisions of the removal statute. For example, they filed their Notice within seventeen days of plaintiffs' amended complaint based on the assumption that the new filing triggered an additional thirty day window. The only relevant provision of the removal statute that addresses amended pleadings is section 1446(b)(3), which states "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant [of the amended complaint]." 28 U.S.C. § 1446(b)(3). As such, if one was unfamiliar with the jurisdiction of federal courts, it is reasonable to assume that through service of an amended complaint, the timeframe for filing a petition for removal is restarted. Thus, the McDaniels' mistake was not objectively unreasonable.

This is especially true considering that courts within this Circuit are required to accord significant weight to the

Page 13 - OPINION AND ORDER

defendant's lack of representation in determining whether to award attorney fees and costs pursuant to 28 U.S.C. § 1447(c). See One West Bank, FSB v. Mohr, 2010 WL 2721437, *3 (N.D.Cal. July 7, 2010) (declining to award fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of defendants constituted "unusual circumstances"); Szanto v. Szanto Revocable Trust of 1991, 2010 WL 2280356 (N.D.Cal. June 7, 2010) (denying motion for fees because defendant's mistake was "understandable" for a pro se litigant); Citibank N.A. v. Ortiz, 2008 WL 4771932, *2 (S.D.Cal. Oct. 28, 2008) (declining to award fees "in consideration of [d]efendant's pro se status"); J.P. Morgan Chase Bank v. Peterson, 2005 WL 2334712, *4 (E.D.Cal. Sept. 21, 2005) (court denied fees based on defendant's lack of representation).

Plaintiffs have not offered any evidence indicating that the McDaniels lacked a good faith belief in their removal efforts. While it may have been readily apparent to an attorney that plaintiffs' amended complaint did not create a second thirty day period in which to file a notice of removal, the McDaniels did not have the benefit of legal counsel. Therefore, the Court declines to award fees and costs in light of the McDaniels' pro se status.

## CONCLUSION

The McDaniels' Requests for Judicial Notice (docs. 21, 22) are DENIED. Plaintiffs' Motion to Remand (doc. 4) is GRANTED; however, plaintiffs' request for attorney fees and costs (doc. 4) is DENIED. Further, defendants' motion to dismiss (doc. 9) is denied as moot. Finally, the parties' requests for oral argument are DENIED as

Page 14 - OPINION AND ORDER

unnecessary, and this case is REMANDED to state court.

IT IS SO ORDERED.

Dated this ___15th___ day of May 2012.

Ann Aiken
United States District Judge